UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARBARA BURK, | NO. 2:15-cv-794 |
| Plaintiff, | |
| v. | **COMPLAINT FOR SEXUAL HARASSMENT** |
| THE BOEING COMPANY, a Delaware Corporation, | |
| and | |
| PAUL ORAZE, an individual, | |
| Defendants. | |

COMES NOW, the Plaintiff, BARBARA BURK by and through her attorneys and by way of cause of action against the Defendants complains and alleges as follows:

## I. PARTIES

1.1   Plaintiff BARBARA BURK is a resident of Snohomish County, Washington.

1.2   Defendant THE BOEING COMPANY is a Delaware corporation.

COMPLAINT -- 1



BurlFunstonMumford, PLLC
1601 F Street
Bellingham, Washington 98225
P 360.752.1500 I F 360.752.1502

1.3  Defendant PAUL ORAZE is on information and belief a resident of Snohomish County, Washington.

## II. JURISDICTION AND VENUE

2.1  Plaintiff hereby incorporates and re-alleges all allegations as previously stated.

2.2  Venue and Jurisdiction of this action are proper in this Court in that events giving rise to the complaints occurred in the Western District of Washington, the Plaintiff's principal claims arise under federal law, and the damages alleged exceed $75,000.

2.3  Plaintiff alleges federal claims against the Defendants under Title VII of the Civil Rights Act of 1964 as amended 42 USC 2000e, *et seq.*

2.4  Plaintiff alleges state law claims against the Defendants pursuant to RCW 49.60 *et seq.* (Washington Law Against Discrimination).

2.5  Plaintiff filed a timely complaint with the US Equal Employment Opportunity Commission (EEOC) and received a Notice of Right to Sue as a prerequisite to commencement of a lawsuit alleging Title VII violations. This action was commenced within the time period required under federal civil rights law.

## III. FACTUAL ALLEGATIONS

3.1  Plaintiff hereby incorporates and re-alleges all allegations as previously stated.

3.2  Ms. Burk is an individual with a disability. She suffers from Major Depression Disorder. She disclosed her disability to Defendant Boeing at the time she applied for employment.

COMPLAINT -- 2

BURiFUNSTON
MUMFORD
attorneys @ law
BuriFunstonMumford, PLLC
1601 F Street
Bellingham, Washington 98225
P 360.752.1500 I F 360.752.1502

3.3     Ms. Burk was hired by Boeing in 2007 after working for 18 months an out outside contractor, and worked as a project management specialist.  When she was hired, her salary was approximately $70,000 per year.  Her job duties included scheduling project deadlines for the Propulsion Life Cycle Product team.  Subsequently she worked for the engine team on incorporation and testing issues.

3.4     Ms. Burk had great difficulty working with her supervisor in her department because of Defendant's failure to accommodate her disability and her pregnancy.

3.5     Plaintiff eventually transferred to a different work group called the integration team, headed by Paul Oraze.

3.6     Defendant Paul Oraze at all times relevant to the issues of this action was an employee of Defendant Boeing, and was the direct supervisor of Plaintiff Barbara Burk.

3.7     When Plaintiff transferred to Mr. Oraze's group, she was relieved to discover that he was willing to accommodate her disabilities.  In fact, he was very friendly to her, and went out of his way to make her feel accepted and needed within the company.

3.8     However, Plaintiff eventually came to realize that Mr. Oraze's support of her was simply a pretext to commence a romantic relationship.

3.9     Mr. Oraze was Ms. Burk's direct supervisor and had the ability to direct her work and her schedule, and to discipline and promote her and to assign her work responsibilities.

3.10    While under Mr. Oraze's supervision, Mr. Oraze initiated multiple conversations of a sexual nature and attempted to initiate a sexual relationship with Plaintiff. Mr. Oraze would make statements such as "if you don't give blowjobs you're not worth anything" and would tell her she was low hanging fruit, and would make

COMPLAINT -- 3

BURiFUNSTON
MUMFORD
attorneys@law
BurlFunstonMumford, PLLC
1601 F Street
Bellingham, Washington 98225
P 360.752.1500 | F 360.752.1502

sexual gestures mimicking oral sex.  He also made several references to staring at the ceiling, which was a reference to sex.  He also talked to Plaintiff about her moving in with him and about getting a house with the plaintiff.

      3.11   In March 2013, Mr. Oraze moved into Plaintiff's apartment complex.  He then began to ask her to get together with him after work.  A few weeks later, Mr. Oraze initiated intimate contact with Plaintiff by pulling her onto his lap, "French-kissing" her, and indicating they needed to take their relationship to the next level clearly intending a sexual relationship.  Plaintiff declined, stating Mr. Oraze was her boss and he was to never let his actions happen again.

      3.12   Shortly after that Plaintiff took a leave of absence to deal with depression she was experiencing as a result of the sexual harassment.  Mr. Oraze warned her that she needed to return to work or she would be in danger of losing her job.  Other employees expressed concern that Mr. Oraze was giving preferential treatment to the Plaintiff.

      3.13   After plaintiff returned to work, Defendant Oraze continued to make sexually suggestive comments and gestures to Plaintiff, including mimicking oral sex with Plaintiff.  He continued to pursue a relationship with the plaintiff and gave her gifts.  On one occasion he came to her house and pinned her against wall and tried to kiss her.

      3.14   Because her work life and home life had become intertwined with Mr. Oraze, she was afraid to complain about his actions, for fear of losing her job, or being treated badly at work.  She expressed her concerns to another Boeing manager, who initiated a complaint to Boeing about the actions of Defendant Oraze.

      3.15   Following an internal investigation, Mr. Oraze was suspended and demoted for sexually harassing the Plaintiff.

COMPLAINT -- 4

BURiFUNSTON MUMFORD
attorneys@law
BuriFunstonMumford, PLLC
1601 F Street
Bellingham, Washington 98225
P 360.752.1500 I F 360.752.1502

3.16   Because of Plaintiff's disability, she was unable to return to work in the same work environment as Mr. Oraze.  Additionally, Mr. Oraze had told her previously that other managers did not like her and that without his protection she would be vulnerable.

3.17   Plaintiff's physician wrote a letter to Boeing explaining that because of Plaintiffs disability, she would need to be assigned to an area where she would not have to work with Mr. Oraze in order to accommodate her disability and provide a safe working environment.

3.18   Defendant Boeing ignored plaintiff's concerns and/or denied her request for reasonable accommodation, insisting that Plaintiff returned to work and that she work in close physical proximity Mr. Oraze.  Additionally, she was concerned that the integration would be hostile to her because of her reports of sexual harassment.

3.19   Plaintiff attempted to return to work, and did go to speak to an HR representative, however, because of her disability she was unable to return to her work station as long as Mr. Oraze continued to work on the same floor.

3.20   The actions by Defendant Oraze toward Plaintiff Barbara Burk during the time she was employed at Boeing caused her to suffer emotional distress, anxiety, frustration and depression.

3.21   Plaintiff endured ongoing sexual harassment while she was employed at Boeing.

3.22   Defendant Boeing's failure to separate the Plaintiff from her former harasser at work constitutes a failure to take adequate corrective and remedial action, and to provide a reasonable accommodation of plaintiff's known disabilities.



BuriFunstonMumford, PLLC
1601 F Street
Bellingham, Washington 98225
P 360.752.1500 I F 360.752.1502

## IV. FIRST CAUSE OF ACTION: SEXUAL HARASSMENT, UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED 42 USC 2000e, *ET SEQ.*

4.1     Plaintiff hereby incorporates and re-alleges all allegations as previously stated.

4.2     The conduct of the Defendants constitutes sexual harassment, including hostile work environment, quid pro-quo sexual harassment in violation of Title VII of the Civil Rights Act of 1964 as amended 42 USC 2000e, *et seq.*

4.3     The harassment was unwanted, unwelcome, offensive, and inappropriate.

4.4     Defendant Boeing knew or should have known of the ongoing sexual harassment and failed to take adequate remedial and corrective action to provide the Plaintiff with a workplace free of discrimination and harassment.

4.5     Because the sexual harassment was committed by Plaintiff's direct supervisor, Defendant Boeing is liable for the conduct of Mr. Oraze.

4.6     Mr. Oraze is also individually liable to the Plaintiff for sexual harassment.

4.7     As a direct and proximate result of Defendants' conduct and omissions, Plaintiff has been damaged in an amount to be proven at trial.

## V. SECOND CAUSE OF ACTION: SEXUAL HARASSMENT UNDER RCW 49.60 ET SEQ. (WASHINGTON LAW AGAINST DISCRIMINATION)

5.1     Plaintiff hereby incorporates and re-alleges all allegations as previously stated.

5.2     The conduct of the Defendants constitutes sexual harassment, hostile work environment, and retaliation, which violates RCW 49.60 *et seq.* (Washington Law Against Discrimination).

5.3     The harassment was unwanted, unwelcome, offensive, and inappropriate.

BURIFUNSTON MUMFORD
attorneys @ law
BuriFunstonMumford, PLLC
1601 F Street
Bellingham, Washington 98225
P 360.752.1500 | F 360.752.1502

5.4     Defendant The Boeing Company knew or should have known of the ongoing sexual harassment and failed to take adequate remedial and corrective action to provide the Plaintiff with a workplace free of discrimination and harassment.

5.5     As a direct and proximate result of Defendants' conduct and omissions, Plaintiff has been damaged in an amount to be proven at trial.

## VI. THIRD CAUSE OF ACTION: DISABILITY DISCRIMINATION, UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED 42 USC 2000e, *ET SEQ.*

6.1     Plaintiff hereby incorporates and re-alleges all allegations as previously stated.

6.2     Defendants knew or should have known that Plaintiff suffers from a disability including but not limited to severe depression.

6.3     Defendants knew or should have known that as a result of the sexual harassment that Plaintiff's condition would be exacerbated and that this would cause her pain and suffering and would require her to have reasonable accommodations in order to perform her job.

6.4     Plaintiff's physician specifically informed the Defendants that she would need to be separated from Defendant Oraze in order to return to work.

6.5     Defendants failed to provide the reasonable accommodations necessary for the Plaintiff to be able to return to work.

6.6     Defendant's acts and omissions constitute disability discrimination under Title VII of the Civil Rights Act of 1964 as amended, and under other federal statutes, regulations and case law.

6.7     As a direct and proximate result of Defendants' disability discrimination Plaintiff has been damaged in an amount to be proven at trial.



BURiFUNSTON MUMFORD
attorneys @ law
BuriFunstonMumford, PLLC
1601 F Street
Bellingham, Washington 98225
P 360.752.1500 | F 360.752.1502

## VII. FOURTH CAUSE OF ACTION: DISABILITY DISCRIMINATION UNDER RCW 49.60 ET SEQ. (WASHINGTON LAW AGAINST DISCRIMINATION)

7.1   Plaintiff hereby incorporates and re-alleges all allegations as previously stated.

7.2   Defendants knew or should have known that Plaintiff suffers from a disability including but not limited to severe depression.

7.3   Defendants knew or should have known that as a result of the sexual harassment that Plaintiff's condition would be exacerbated and that this would cause her pain and suffering and would require her to have reasonable accommodations in order to perform her job.

7.4   Plaintiff's physician specifically informed the Defendants that she would need to be separated from Defendant Oraze in order to return to work.

7.5   Defendants failed to provide the reasonable accommodations necessary for the Plaintiff to be able to return to work.

7.6   Defendant's acts and omissions constitute disability discrimination under RCW 49.60 et seq. and under other state statutes, regulations and case law.

7.7   As a direct and proximate result of Defendants' disability discrimination Plaintiff has been damaged in an amount to be proven at trial.

## VIII. FIFTH CAUSE OF ACTION: NEGLIGENT RETENTION AND HIRING

8.1   Plaintiff hereby incorporates and re-alleges by reference all allegations as previously stated.

8.2   Defendant Boeing knew or should have known that Defendant Oraze has a propensity to sexually harass and discriminate against female employees including the Plaintiff.

8.3   Defendants had a duty to protect female employees from Mr. Oraze.

COMPLAINT -- 8



BuriFunstonMumford, PLLC
1601 F Street
Bellingham, Washington 98225
P 360.752.1500 | F 360.752.1502

8.4   Defendant The Boeing Company breached its duty by negligently hiring and retaining Mr. Oraze as a supervisor.

8.5   Defendant The Boeing Company's negligent hiring and retention of Mr. Oraze has caused Plaintiff damages in an amount to be proven at trial.

### IX.   SIXTH CAUSE OF ACTION: CONSTRUCTIVE DISCHARGE

9.1   Plaintiff hereby incorporates and re-alleges by reference all allegations as previously stated.

9.2   Because Defendant Boeing failed to take appropriate remedial and corrective action in response to the substantiated sexual harassment of Plaintiff by Paul Oraze, which included not requiring the Plaintiff to work in the same department as Mr. Oraze, Plaintiff was unable to return to work and therefore was constructively discharged from her employment.

9.3   As a result of her constructive discharge, Plaintiff has suffered damages, including lost wages, loss of her housing, loss of medical coverage and other incidental and consequential damages in an amount to be proven at trial.

### X.   JURY TRIAL

10.1   Plaintiff hereby requests and demands a jury trial.

### PRAYER FOR RELIEF

WHEREFORE, having set forth her complaint, Plaintiff prays for judgment as follows:

1.   For judgment against the Defendants, jointly and severally for compensatory damages and for all losses: past, present, and future.

COMPLAINT -- 9



BuriFunstonMumford, PLLC
1601 F Street
Bellingham, Washington 98225
P 360.752.1500 I F 360.752.1502

2. For an award of prejudgment interest, and for an enhanced award for federal tax consequences to make Plaintiff whole.

3. For punitive damages to be assessed against Defendants as provided by law.

4. That Plaintiff be awarded all costs and reasonable attorneys' fees incurred for this action as allowed under state and federal law.

5. That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

DATED this 20 day of May, 2015.

**BURI FUNSTON MUMFORD, PLLC**

_____
TOM MUMFORD, WSBA #28652
Attorney for Plaintiff

**PLAINTIFF VERIFICATION**

The undersigned declares under penalty of perjury under the laws of the State of Washington that the statements made in the foregoing **Complaint** are true and correct to the best of her knowledge and belief.

DATED this 20 day of May, 2015.

_____
BARBARA BURK

COMPLAINT -- 10

BURiFUNSTON
MUMFORD
attorneys @ law
BuriFunstonMumford, PLLC
1601 F Street
Bellingham, Washington 98225
P 360.752.1500 | F 360.752.1502